IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-22-989 |
| SGT. BENNET, GAIL WATTS, and SGT. COLBERT, | * * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

Self-represented plaintiff Robert Smith filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against Gail Watts, the Director of the Baltimore County Detention Center ("BCDC"), Sgt. Bennet, and Sgt. Colbert. ECF No. 1. Smith alleges that during his pretrial detention at BCDC, defendants failed to protect him when they housed him in a cell near an inmate who previously assaulted him. *Id.* at 3. He seeks release from BCDC and monetary damages. *Id.* at 4.

On July 29, 2022, defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 9. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Smith that the failure to file a memorandum in opposition to defendants' motion could result in dismissal of the complaint. ECF No. 10. Smith filed nothing further.

Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, defendants' motion will be granted.

**I.      Background**

Smith alleges that while he was detained at BCDC on October 6, 2021, he was attacked by gang members in housing unit 4C.  Compl., ECF No. 1 at 3.  As a result, he was subsequently transferred to housing unit 3Q.  *Id.*  On October 25, 2021, Smith was again assaulted by another group of gang members.  *Id.*

On March 3, 2022, Sgt. Colbert transferred Smith to housing unit 4A, where one of his assailants was detained.  *Id.*  After Smith informed Sgt. Colbert about the prior assault, Sgt. Bennet reviewed the assignment and placed Smith "right next door to where [he] did not feel safe."  *Id.*  Sgt. Bennet told Smith that he could accept the assignment or go to lock up.  *Id.*  Smith accepted the housing assignment; however, when he later discovered that Sgt. Bennet informed Smith's assailant that Smith had reported the previous assault, Smith opted to transfer into protective custody.  *Id.*

In his complaint, Smith states that he did not "file a grievance as required by the prison's administrative remedy procedures."  *Id.* at 2.  Defendants have filed a Motion to Dismiss, or in the Alternative, for Summary Judgment arguing that Smith has not exhausted his administrative remedies, he fails to allege misconduct or deliberate indifference on the part of defendants, he is not entitled to release, and defendants are entitled to qualified immunity.  ECF No. 9-1.

**II.     Standard of Review**

Defendants move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment.  The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs.  *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).  The court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed.  *See Zak v. Chelsea*

*Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).  When the parties present and the court considers matters outside the pleadings on a Rule 12(b)(6) motion, the court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position.  Fed. R. Civ. P. 56(c)(1)(A).  Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial."  *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment.  *Id.* at 251.  The court "should not weigh the evidence."  *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249).  However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper.  *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, this court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party."  *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

**III.     Analysis**

Defendants raise the affirmative defense that Smith has failed to exhaust his administrative remedies.  The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this court will hear his claim.  *See Ross v. Blake*, 578 U.S. 632, 639 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).  Consequently, if Smith has not properly presented any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA.  *See Ross*, 578 U.S. at 639.

To exhaust his administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'"  *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  The court will not dismiss a claim as unexhausted

4

"if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]," *Moore*, 517 F.3d at 725, including if the remedy was denied due to "intimidation," *Ross*, 578 U.S. at 644 & n.3.

In his complaint, Smith specifically acknowledged that he did not file any grievance relating to the claims raised here. Nor does he allege that he failed to do so because the grievance process was unavailable because of intimidation, threatened retaliation, or any other reason. Because the PLRA requires inmates to pursue and exhaust all available administrative remedies before filing suit, and Smith failed to do so, his claims must be dismissed without prejudice. *See* 42 U.S.C. § 1997e(a). In light of this ruling, the court need not address defendants' remaining arguments.

### IV.  Conclusion

Defendants' motion to dismiss, or in the alternative, for summary judgment, is granted due to Smith's failure to exhaust administrative remedies. The complaint shall thus be dismissed without prejudice. A separate order follows.


\_\_12/14/2022_____                                                  _____/s/_____
Date                                                                              Catherine C. Blake
                                                                                       United States District Judge